UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: _____

RODRIGO VELOSO and EMILIE VELOSO,

    Plaintiffs,

v.

ARMANINO LLP,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, Rodrigo Veloso and Emilie Veloso, sue Defendant, Armanino LLP, and state:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages arising out of Armanino LLP's negligent accounting practices, negligent misrepresentations, and breach of fiduciary duty.

2. Rodrigo Veloso is *sui juris*.

3. Rodrigo Veloso is a Florida resident.

4. Emilie Veloso is *sui juris*.

5. Emilie Veloso is a Florida resident.

6. Rodrigo and Emilie Veloso (the "Velosos") are husband and wife and their principal residence is in Miami-Dade County, Florida.

7. At all times material, the Velosos were married and Florida residents.

8. Armanino LLP ("Armanino") is a California limited liability partnership.

9. The Court has jurisdiction pursuant to 28 U.S.C. §1332.

    a. For purposes of diversity jurisdiction, Armanino is a California citizen with its principal place of business in Contra Costa County, California.

    b. The amount in controversy exclusive of attorneys' fees and costs exceeds $75,000.

10. The Court has personal jurisdiction over Armanino pursuant to Florida's Long Arm Statute, §48.193, Fla. Stat.

    a. Armanino committed a tort in Florida. §48.193(1)(a)(1), Fla. Stat.

        i. Armanino communicated from its offices in California by telephone and correspondence with the Velosos in Florida. The subject matter of those communications form the basis of the claims.

        ii. Armanino made misrepresentations to the Velosos by way of communications directed to them in Florida.

        iii. Armanino gave negligent accounting advice and services to the Velosos by way of communications directed to them in Florida.

        iv. Armanino knew that the Velosos would rely on the communications and advice in Florida.

    b. At all times material, Armanino engaged in substantial and not isolated activity within Florida. §48.193(2), Fla. Stat.

        i. At all times material, Armanino provided services for clients in Florida.

        ii. At all times material, Armanino sent advice and communications to clients in Florida.

        iii. At all times material, Armanino generated revenue from clients in Florida.

    iv. At all times material, Armanino rendered services for the benefit of or to the detriment of Florida residents.

11. Venue is proper in Miami-Dade County, Florida, because of the cause of action occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

12. The Velosos owned a company called ONE World Enterprises, LLC, from 2005 until selling it in 2012.

13. ONE World Enterprises, LLC was one of the pioneers of commercially bottling and selling coconut water.

14. The Velosos hired RBZ LLP ("RBZ") to provide accounting services for ONE World Enterprises, LLC.

15. RBZ was later acquired by and merged with Armanino.[1]

16. Armanino assumed the obligations of RBZ to the Velosos.

17. Armanino is responsible for the accounting services and obligation at issue in this action.

18. RBZ and Armanino are hereinafter interchangeably referred to as "Armanino."

19. At the time of the merger in 2015, Armanino held itself out as the "largest independent accounting and business consulting firm based in California with revenues of $155 million." *See* fn 1.

20. Armanino started providing accounting service for the Velosos' company in 2010.

---

[1] https://www.armaninollp.com/about/press-releases/press-releases/armanino-joins-with-los-angeles-public-accounting-firm-rbz (last visited Jan. 31, 2020).

21. The company was bought by Pepsi Co. in 2012. Armanino provided the audit and account services for ONE World Enterprises as part of the sale.

22. Armanino told the Velosos that it could also provide them with personal accounting services and represented to the Velosos that it specialized in providing accounting services for high-net-worth individuals and that it had the expertise to handle accounting for foreign transactions.

23. Armanino holds itself out as an expert in providing the *highest level* of tax services, including income tax planning.  In particular, Armanino represents that: "Clients, business contacts and referral sources know that we will always provide the highest level of personal tax accounting services to ensure you meet your goals, both personal and professional."  Further, Armanino represents that: "In addition to our corporate tax experts, Armanino has an experienced group of professionals who specialize in individual, estate and trust services including: income tax planning and preparation (e.g., federal and state returns)."[2]

24. Armanino knew that the Velosos planned on having bank account(s) in Brazil—where Rodrigo Veloso is from—in 2013.

25. Armanino holds itself out as an expert in international tax services: "Whether you're an individual who has foreign sources of income, who has employees working outside their 'home' country or who is planning to work/reside outside the U.S., we can help alleviate your tax concerns."

---

[2] https://www.armaninollp.com/services/private-wealth/individual-tax-planning (last visited Jan. 31, 2020).

26. Armanino represented and represents that it has experts in the field of international taxation issues.[3]

27. Armanino started providing personal accounting services for the Velosos in 2011.

28. The Velosos relied on Armanino to gather the necessary financial information and provide the proper financial guidance so that accurate U.S. federal income tax returns could be prepared and timely filed. The Velosos paid Armanino tens of thousands of dollars for these accounting services.

29. The Velosos hired Armanino to prepare and file their 2013 federal income tax return.

30. Armanino did not timely file a complete and correct 2013 federal income tax return for the Velosos.

31. Armanino provided the Velosos with their 2013 return in October 2014 for signature, but that return was incomplete. Months later, Armanino partially realized its mistake. It re-requested documents that were previously sent by the Velosos and lost by Armanino, and then Armanino assured the Velosos that their 2013 return would be "wrapped up" in April 2015.

32. Armanino kept telling the Velosos that they were working on correcting the issues with the 2013 tax return issues. Multiple times Armanino indicated that it had everything it needed to file the Velosos 2013 tax returns.

33. Armanino did not file the Velosos' 2013 return until February 28, 2018.

34. Armanino told the Velosos that they had a tax liability of "about $20,000 with additional amounts for penalties and interest" for 2013.

---

[3] https://www.armaninollp.com/services/tax-accounting/international-tax (last visited Jan. 31, 2020).

35. The Velosos should have had a 2013 federal income tax refund of $239,999.

36. The IRS denied the Velosos' 2013 federal income tax refund because it was filed outside the statute of limitation period.

37. The Velosos did not know that their 2013 return was rejected until September 25, 2018.

38. Armanino was hired to prepare and file the Velosos' 2014 federal income tax return.

39. On October 8, 2015, Armanino presented the Velosos with their 2014 tax return and indicated there would be a refund of $200,000.

40. The Velosos should have had a 2014 federal income tax refund of $129,800.

41. Armanino repeatedly indicated that it properly filed the 2014 tax return and that the Velosos would be entitled to a return of "over $200k."

42. On September 3, 2019, the IRS notified the Velosos that their 2014 tax refund was disallowed because the 2014 tax return was filed more than three years after the due date.

43. The Velosos never received their 2013 and 2014 federal income tax refunds.

44. At all times material, Armanino's representations and actions as "expert" accountants, which the Velosos relied on, made the Velosos believe the issues with the 2013 and 2014 tax returns would be corrected and they would receive the refunds. It was not until September 2018 that it became apparent that they will not receive the 2013 refund and not until September 2019 that it became apparent they will not receive the 2014 refund.

45. At all times material, Armanino communicated with the Velosos about their 2013 and 2014 taxes. Those communications were made by U.S. Mail, e-mail, and telephone to the Velosos in Miami-Dade County, Florida.

a. The communications included negligent tax advice given by Armanino to the Velosos.

b. The communications contained misrepresentations by Armanino to the Velosos.

c. The communications contained representations that breached the fiduciary duty owed by Armanino to the Velosos.

d. The communications contained incorrect and negligent representations about the miscalculation of the 2013 tax refund.

e. The communications ensured the Velosos that the issue with 2013 was timely resolved.

f. The communications later told the Velosos that the 2013 refund would not be received.

g. The communications told the Velosos that the 2014 federal income tax return was properly and timely filed.

h. The communications told the Velosos that they would receive their 2014 refund and not to worry; that refund was later denied.

46. The Velosos' federal income tax returns prepared by Armanino listed their Florida address. Armanino intended the Velosos to sign their tax returns in Florida and mail them from their Florida address.

47. Armanino sent documents to the Velosos in Florida relating to the 2013 and 2014 tax issues forming the subject matter of this Complaint.

## COUNT I
### (Negligence)

48. This is a cause of action for negligence against Armanino.

49. The allegations set forth in paragraphs 1 through 47 are incorporated herein.

50. All conditions precedent to this action have been satisfied, performed or waived.

51. At all times material hereto, Armanino had the duty to perform the accounting services for the Velosos in accordance with the standard of care used by similar professionals in the community under similar circumstances.

52. Armanino failed to perform accounting services for the Velosos that met the standard of care.

53. Armanino's breaches of its duties included the following:

    a. Armanino failed to timely get foreign financial information necessary to prepare the Velosos 2013 and 2014 federal income tax returns.

    b. Armanino failed to get reasonable extensions of time from the IRS to allow it to get the financial information it needed to timely and accurately complete the Velosos' 2013 and 2014 federal income tax returns.

    c. Armanino failed to file accurate 2013 and 2014 federal income tax returns for the Velosos.

    d. Armanino failed to timely file the Velosos' 2013 and 2014 federal income tax returns.

    e. Armanino failed to communicate with the Velosos' to ensure that the information in the federal income tax returns was accurate and that the tax returns were timely filed.

    f. Armanino failed to accurately communicate with and follow-up with the Velosos regarding their 2013 and 2014 federal income tax returns and related refunds, including communicating deadlines with them so they could get

8
MASE MEBANE & BRIGGS

     information, get extensions, and otherwise attempt to resolve the problems before the time expired.

    g. Armanino affirmatively told the Velosos that the issues with the 2013 and 2014 federal income tax returns and related refunds were resolved when they were not.

    h. Armanino did not disclose the issues with the 2013 and 2014 federal income tax returns to the Velosos until it was too late to correct the issues.

54. Armanino intentionally performed negligent accounting services

55. Armanino recklessly, willfully, or wantonly performed negligent accounting services.

56. The Velosos were damaged because of Armanino's negligence. The damages include the principal amount of the lost 2013 and 2014 tax refunds plus interest.

WHEREFORE, the Velosos demand a judgment against Armanino in the amount of the damages with punitive damages and all other relief the Court deems just and proper.

## COUNT II
### (Breach of Fiduciary Duty)

57. This is a cause of action for breach of fiduciary duty against Armanino.

58. The allegations set forth in paragraphs 1 through 47 are incorporated herein.

59. All conditions precedent to this action have been satisfied, performed or waived.

60. Armanino owed a fiduciary duty to the Velosos because of their accountant-client relationship.

61. A fiduciary is a person who stands in a special relationship of trust, confidence, or responsibility in their obligations to others.

62. The Velosos placed their trust and confidence in Armanino.

63. Armanino breached its fiduciary duty to the Velosos.

64. Armanino's breach of its fiduciary duty included the following:

    a. Armanino failed to timely get foreign financial information necessary to prepare the Velosos' 2013 and 2014 federal income tax returns.

    b. Armanino failed to get reasonable extensions of time from the IRS to allow it to get the financial information it needed to timely and accurately complete the Velosos' 2013 and 2014 federal income tax returns.

    c. Armanino failed to file accurate 2013 and 2014 federal income tax returns for the Velosos.

    d. Armanino failed to advise the Velosos of the issues relating to their 2013 and 2014 tax returns and refunds and the deadlines related to them.

    e. Armanino failed to timely file the Velosos' 2013 and 2014 federal income tax returns.

    f. Armanino failed to communicate with the Velosos to ensure that the information in the federal income tax returns was accurate and that the tax returns were timely filed.

    g. Armanino failed to accurately communicate with and follow-up with the Velosos regarding their 2013 and 2014 federal income tax returns and related refunds, including communicating deadlines with them so they could get information, get extensions, and otherwise attempt to resolve the problems before the time expired.

      h. Armanino affirmatively told the Velosos that the issues with the 2013 and 2014 federal income tax returns and related refunds were resolved when they were not.

      i. Armanino did not disclose the issues with the 2013 and 2014 federal income tax returns to the Velosos until it was too late to correct the issues.

65. Armanino intentionally breached the fiduciary duty it owed the Velosos.

66. Armanino recklessly, willfully, or wantonly breached the fiduciary duty it owed the Velosos.

67. The Velosos were damaged because of Armanino's breach of its fiduciary duty. The damages include the principal amount of the lost 2013 and 2014 tax refunds plus interest.

WHEREFORE, the Velosos demand a judgment against Armanino in the amount of the damages with punitive damages and all other relief the Court deems just and proper.

### COUNT III
### (Negligent Misrepresentation)

68. This is a cause of action for negligent misrepresentation against Armanino.

69. The allegations set forth in paragraphs 1 through 47 are incorporated herein.

70. All conditions precedent to this action have been satisfied, performed or waived.

71. Armanino made misrepresentations of fact that it believed to be true but which were in fact false. These misrepresentations include the following and were directed to and relied on by the Velosos in Florida:

      a. On October 14, 2014, Armanino represented that the 2013 federal income tax return was accurate and ready to be filed.

      b. Armanino originally said the Velosos would not get a tax refund for 2013 when it finalized their 2013 tax return.

    c. On April 11, 2015, Armanino said it received a missing 2013 K-1 form, "which means [Armanino] will be wrapping up [the Velosos'] 2013 tax return as soon as we get through the April 15 deadline."

    d. On December 25, 2016, Armanino said it received "the last piece of the 2013 tax return." The 2013 tax return would not be filed for another fourteen (14) months.

    e. On May 24, 2017, Armanino said the Velosos owed about $20,000 for their 2013 taxes.

    f. On February 28, 2018, Armanino said that the Velosos will get their 2013 tax refund in the amount of $239,999.

    g. On many occasions, including November 23, 2016, Armanino told the Velosos that their 2014 federal income tax return was correct and filed on time.

    h. On many occasions, including December 7, 2018, Armanino told the Velosos that they will get their 2014 tax refund.

72. Armanino knew or should have known the representations were false.

73. Armanino intentionally made the false representations.

74. Armanino recklessly, willfully, or wantonly made the false representations.

75. Armanino intended to induce the Velosos to rely on the misrepresentations.

76. The Velosos acted in justifiable reliance on Armanino's misrepresentations.

77. The Velosos were damaged because of Armanino's negligence. The damages include the principal amount of the lost 2013 and 2014 tax refunds plus interest.

WHEREFORE, the Velosos demand a judgment against Armanino in the amount of the damages with punitive damages and all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Velosos demand a jury trial on all issues so triable.

DATED February 5, 2020.

                Respectfully submitted,

                MASE MEBANE & BRIGGS, P.A.
                2601 South Bayshore Drive, Suite 800
                Miami, Florida 33133
                Telephone: (305) 377-3770
                Facsimile: (305) 377-0080

By:   /s/   *William Seitz*
           CURTIS J. MASE
           Florida Bar No. 478083
           cmase@maselaw.com
           WILLIAM R. SEITZ
           Florida Bar No. 73928
           wseitz@maselaw.com